IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROD A. NELSON,<br><br>            Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  2:05CV1010 DAK |

This matter is before the court on Rod A. Nelson's ("Petitioner") pro se  Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  On June 6, 2004, Petitioner pleaded guilty to violating 18 U.S.C. § 12113(a) (Bank Robbery).  On December 22, 2004, the court sentenced Petitioner to 151 months in prison, to run concurrently with his state court sentence, and 36 months of supervised release.

Petitioner argues that he was denied effective assistance because his counsel did not argue against Petitioner's "career offender" status described in his presentence report.  In addition, Petitioner appears to argue that he did not understand the nature of the charge against him when he entered his guilty plea, presumably basing his argument on the fact that he allegedly did not know he would sentenced as a career criminal.

Based on his Statement in Advance of Plea and the representations made during the Rule 11 colloquy, the court finds no merit to Petitioner's contention that he did not understand the

1

nature of the charge against him and/or the consequences of his guilty plea.  In order to be valid, a defendant's guilty plea must be knowing and voluntary, and the product of a deliberate, intelligent choice.  *Parke v. Raley*, 506 U.S. 20, 28 (1992).  Rule 11 imposes a duty on the court to address a defendant on the record and determine if the defendant understands the full consequences of the plea.  *See United States v. Elias*, 937 F.2d 1514, 1517 (10th Cir.1991); *United States v. Williams*, 919 F.2d 1451, 1456 (10th Cir.1990) ("to determine whether a plea is voluntary, a court must assess whether the defendant fully understood the consequences of the plea"), *cert. denied* 499 U.S. 968 (1991).

Petitioner was told by the court that he could receive a sentence of up to twenty years.  The fact that he did not know or did not accept the fact that his sentence could be enhanced due to the fact that he was a career offender does not render his plea involuntary or unknowing.  *See e.g.*, *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (it not an abuse of discretion for a district court to deny a request  withdraw a guilty plea that is based on the defendant's claim that he was unaware of the possible application of a career offender enhancement to his sentence prior to the entry of his guilty plea); *see also United States v. Pearson* 910 F.2d 221, 223 (5th Cir. 1990) (although the defendant was not informed, prior to entry of his plea, of the applicability of a career offender enhancement, his guilty plea which resulted in a twenty-year sentence was not involuntary, where the court had informed defendant prior to accepting his plea that he faced a maximum prison term of twenty years, and the presentence investigation report concluded that defendant qualified as a career offender and recommended that the enhancement be applied).  Petitioner acknowledged in his Statement in Advance of Plea and in the Rule 11 colloquy that he understood that his sentence could be up to a maximum of twenty years.  Thus,

his argument that he entered his plea without knowing the consequences–when he received a sentence of just over twelve years–does not withstand scrutiny.

In addition, Petitioner's ineffective assistance claim lacks merit. To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). Petitioner has not satisfied either of these prongs.

The Tenth Circuit, in *United States v. Torres*, 25 Fed. Appx. 797 (10th Cir. 2002) (unpublished), rejected a petitioner's contention regarding ineffective assistance of counsel in a similar situation. In *Torres*, the district court assumed *arguendo* that defense counsel did indeed inform the defendant that no career offender enhancement would apply. Once the court received the presentence report, it was revealed that the enhancement did apply, rendering counsel's alleged advice incorrect. The district court noted, however, that the plea agreement specifically stated that "[t]he criminal history category is more completely and accurately determined by the Probation Department," and that the court had informed the defendant of the uncertain nature of his plea agreement. Thus, in deciding the defendant's 2255 petition, the court noted that counsel's allegedly erroneous advice could not have misled or prejudiced the defendant.

Similarly, in this case, even assuming *arguendo* that Petitioner's first attorney told him that the career offender enhancement would not apply, Petitioner cannot argue that he was actually misled by his first attorney. Petitioner's Statement in Advance of Plea states that "I understand that the Court can make no decision as to what the sentence will be until the

Presentence Report has been received and reviewed by the Judge." In addition, as noted above, the court had also informed Petitioner that he could receive a sentence of up to twenty years. Thus, as in *Torres*, the court finds that counsel's allegedly erroneous advice could not have misled or prejudiced the defendant.

Finally, Defendant has not raised any issue under *United States v. Booker*, ___U.S.___, 125 S. Ct. 738, 756 (2005) or *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). However, even if Petitioner had raised such claims, the court finds that *Booker* does not apply retroactively to cases on collateral review. Moreover, even if *Booker* did apply retroactively, there is no *Booker* issue in this case because the court–rather than a jury–is permitted to make a determination about career offender status. *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005) (determining whether a given felony constitutes an aggravated criminal conviction is a question of law and not fact, and therefore the Sixth Amendment does not require that determination to be made by a jury).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 26th day of January, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

4